**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT REEVES,** | ) | |
| Petitioner, | ) | **Civil Action No. 11-248 Johnstown** |
| | ) | |
| v. | ) | **District Judge Sean J. McLaughlin** |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **MICHAEL W. HARLOW, et al.,** | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

Petitioner, Robert Reeves, is serving a sentence imposed on September 3, 2002, by the Court of

Common Pleas of Cambria County at Criminal Docket No. CP-11-CR-1797-2001.  He has filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he attacks that judgment of

sentence.  [ECF No. 2].  It is at least the second one that he has filed with this Court in which he has

done so.  Because he did not receive from the U.S. Court of Appeals for the Third Circuit an order

authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is

recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability

be denied.

## II.    REPORT

### A.    Relevant Background[1]

On or around July 16, 2002, Petitioner pleaded guilty to the offenses of third-degree murder and

robbery of the first degree.  On September 3, 2002, the Honorable Joseph Leahey sentenced him to 20-

---

[1]    The information set forth herein is provided by the petition [ECF No. 2]; the Report and Recommendation issued by the undersigned in Reeves v. Brooks, Civil Action No. 1:07-270 (W.D. Pa.), which was adopted as the Opinion of the Court; and, the relevant state court dockets, which are available online and of which this Court may take judicial notice.

1

40 years for third-degree murder, which represented the maximum of standard range. On the count of robbery, Judge Leahey sentenced him to 5-20 years to run consecutive to the sentence imposed for third-degree murder. Therefore, the total aggregate sentence imposed was 25-60 years.

On July 7, 2003, the Superior Court of Pennsylvania issued a Memorandum affirming Petitioner's judgment of sentence. Commonwealth v. Reeves, 1732 WDA 2002, slip op. (Pa. Super. July 7, 2003). The Pennsylvania Supreme Court denied a petition for allowance of appeal on February 17, 2004.

Petitioner subsequently filed a motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 et seq., in which he alleged that his guilty plea was not knowing and voluntary and that his trial counsel were ineffective for not advising him of the consequences of his plea. The PCRA Court denied relief, and on May 30, 2007, the Superior Court affirmed. Commonwealth v. Reeves, 1878 WDA 2006, slip op. (Pa. Super. May 30, 2007).

Petitioner next filed a petition for writ of habeas corpus with this Court, which he amended and supplemented several times. That petition was docketed as Reeves v. Brooks, Civil Action No. 1:07-270, assigned to the Honorable Sean J. McLaughlin, and referred to the undersigned. On April 16, 2010, this Court issued a Memorandum Order in which it, upon the undersigned's Report and Recommendation, denied the amended petition and denied a certificate of appealability.

In the meantime, Petitioner continued to seek post-conviction relief in state court. On or around September 18, 2008, he filed a second PCRA motion. On October 27, 2008, the PCRA Court issued an order dismissing the petition as untimely. On February 1, 2010, the Superior Court affirmed the PCRA Court's decision. Commonwealth v. Reeves, 791 WDA 2009, slip op. (Pa. Super. Feb. 1, 2010).

On or around June 15, 2010, Petitioner filed another PCRA motion, which the court dismissed on or around August 6, 2010. The Superior Court affirmed on May 20, 2011. Commonwealth v. Reeves, 1444 WDA 2010, slip op. (Pa.Super. May 20, 2011).

Petitioner filed this most recent federal habeas petition on or around October 28, 2011. In it, he once again challenges the sentence imposed on September 3, 2002, by the Court of Common Pleas of Cambria County at Criminal Docket No. CP-11-CR-1797-2001. Respondents have not yet filed their Answer. However, because it plainly appears that Petitioner is not entitled to relief it is recommended that the petition be summarily dismissed and a certificate of appealability be denied. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases.

### B.    Discussion

Because this petition is at least the second one that Petitioner has filed in which he challenges his September 3, 2002, judgment of sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the U.S. Court of Appeals for the Third Circuit establishes that Petitioner has not sought nor received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. <u>Burton</u>, 549 U.S. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

### III. <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner must seek review by the district court by filing objections in accordance

with the schedule established in the docket entry reflecting the filing of this Report and

Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187,

193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 13, 2012

cc:    The Honorable Sean J. McLaughlin
       United States District Judge